United States District Court<br>Northern District of California

1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA

10    San Francisco Division

11

12    WILLIE M. FLANIGAN,                          Case No. 16-cv-00066-LB

        Plaintiff,
13
              v.                                   **ORDER OF DISMISSAL WITH
14                                                 LEAVE TO AMEND**
     SAN FRANCISCO POLICE
15   DEPARTMENT, et al.,                           [Re: ECF No. 1 ]

16        Defendants.

17

18                              **INTRODUCTION**

19       Willie M. Flanigan, an inmate at the San Mateo County Jail in Redwood City, filed this *pro se*

20   prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate

21   judge. (ECF No. 1 at 4.)[1] This action is now before the court for review of the complaint. This

22   order finds that the complaint has several deficiencies and requires Mr. Flanigan to file an

23   amended complaint.

24                               **STATEMENT**

25       Mr. Flanigan alleges in his complaint that he "was targeted for an unwarrant[ed] and random

26   stop based upon [his] race for harassment purposes" by San Francisco police sergeant Holder.

27   _____

28   [1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page
     numbers at the tops of the documents.

United States District Court
Northern District of California

1    (ECF No. 1 at 3.) "When ignored," Sergeant Holder became "enraged and out of control to the

2    point of attacking the car [Mr. Flanigan] was driving in an attempt to provoke an incident into [a]

3    phony excuse [to] arrest!" (*Id.* at 3, 5.) Sergeant Holder kicked Mr. Flanigan's car, after which

4    sergeant Holder broadcast a false hit-and-run call. (*Id.* at 5.) "That phony distress call put his

5    fellow co-workers into attack-mode." (*Id.*) Mr. Flanigan was beaten when he was arrested. The

6    arresting officers "kicked [him] in the face," stomped him, and choked him with a billy club. (*Id.*

7    at 6.) Mr. Flanigan further alleges, "While I was hogtied on my stomach I had an officer with his

8    knee pent [sic] to the back of my head holding my face in place to be kick!" (*Id.*) An exhibit to the

9    complaint indicates that Mr. Flanigan was taken to the San Francisco General Hospital and

10   received treatment on October 31, 2014 and November 1, 2014. (*Id.* at 8.)

11       The complaint also alleges that Sergeant Tam, Sergeant Ryan, Officer Macci, Officer Hicklin,

12   officer Harris and sergeant Holder "were dishonest and committed crimes such as fabrication of

13   evidence." (*Id.*)

## ANALYSIS

15       A federal court must engage in a preliminary screening of any case in which a prisoner seeks

16   redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

17   § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

18   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

19   monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se*

20   complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

21       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a right

22   secured by the Constitution or laws of the United States was violated, and (2) the violation was

23   committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48

24   (1988).

25       The complaint fails to state a claim upon which relief may be granted against any defendant.

26   Mr. Flanigan must file an amended complaint to cure the deficiencies identified in this order.

27

28

1    Traffic Stop: A traffic stop constitutes a seizure for Fourth Amendment purposes. "An officer

2    may conduct a traffic stop if the officer has 'probable cause to believe that a traffic violation has

3    occurred.'" *United States v. Fowlkes*, 804 F.3d 954, 971 (9th Cir. 2015) (quoting *Whren v. United*

4    *States*, 517 U.S. 806, 810 (1996)). "To justify an investigative stop, a police officer must have

5    reasonable suspicion that a suspect is involved in criminal activity." *United States v. Colin*, 314

6    F.3d 439, 442 (9th Cir. 2002). The complaint did not adequately allege a Fourth Amendment

7    claim. If Mr. Flanigan wishes to pursue a Fourth Amendment claim, he needs to allege that

8    Sergeant Holder did not have reasonable suspicion that Mr. Flanigan was involved in criminal

9    activity and did not have probable cause to believe that a traffic violation had occurred.

10    Mr. Flanigan alleges that Sergeant Holder targeted him for a stop that was both based on his

11    race and random. "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff

12    must show that the defendants acted with an intent or purpose to discriminate against the plaintiff

13    based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166

14    (9th Cir. 2005) (citation and internal quotation marks omitted). Mr. Flanigan's conclusory

15    allegation that Sergeant Holder did a traffic stop because of Mr. Flanigan's race (and,

16    inconsistently, for a random stop) is insufficient to state a plausible claim for an equal protection

17    violation. If Mr. Flanigan wishes to pursue an equal protection claim, he needs to allege facts

18    supporting his conclusion that it was his race that prompted Sergeant Holder to do the traffic stop.

19    Excessive Force: A claim that a law enforcement officer used excessive force in the course of

20    an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See*

21    *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804,

22    806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is

23    'reasonable' under the Fourth Amendment requires a careful balancing of "'the nature and quality

24    of the intrusion on the individual's Fourth Amendment interests'" against the countervailing

25    governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted).

26    Mr. Flanigan does not identify the particular persons who used force on him. His complaint

27    does not mention the name of any officer or other member of the police department who used

28    force on him. He refers to them as a group, and it is unclear whether that group includes all the

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   defendants. (The only claim he alleges against particular officers and sergeants is his claim that the

2   named persons "were dishonest and committed crimes such as fabrication of evidence." (ECF No.

3   at 1 at 6.)) In his amended complaint, Mr. Flanigan must allege his excessive force claim more

4   clearly, and must link particular defendants to that claim. Mr. Flanigan must state the date on

5   which the force was used on him, and must allege facts showing the basis for liability for each

6   individual defendant. He should not refer to them as a group (e.g., "the defendants" or "the

7   officers"); rather, he should identify each involved defendant by name and, to the extent possible,

8   explain what each defendant did or failed to do that caused a violation of his constitutional rights.

9   *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual

10  defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation

11  of federally protected right).

12      False Arrest: Mr. Flanigan's allegation that individual sergeants and officers fabricated

13  evidence may be an effort to allege a § 1983 claim for a false arrest. The Fourth Amendment

14  requires that an arrest be supported by probable cause. An arrest is supported by probable cause if,

15  under the totality of the circumstances known to the arresting officer, a prudent person would have

16  concluded that there was a fair probability that the defendant had committed a crime. *Luchtel v.*

17  *Hagemann*, 623 F.3d 975, 979 (9th Cir. 2010). If he wishes to pursue a claim for false arrest, Mr.

18  Flanigan must allege in his amended complaint that there was not probable cause for the officers

19  to arrest him. He needs to allege facts showing what each defendant did or failed to do that caused

20  the false arrest, and should explain what evidence was "fabricated" by each defendant.[2]

21

22

23

24

---

25      [2] Mr. Flanigan is cautioned that if he was convicted as a result of the arrest, or if criminal
    charges are still pending as a result of the arrest, a false arrest claim may be precluded by the *Heck*
26  rule. The *Heck* rule prevents a person from challenging his criminal prosecution in a § 1983 action
    if he suffered a conviction that is still in place, or if the criminal charges are still pending. *See*
27  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Wallace v. Kato*, 549 U.S. 384, 393-94
    (2007) (if criminal case is still pending, the § 1983 action should be stayed rather than dismissed if
28  *Heck* rule otherwise applies).

United States District Court
Northern District of California

1    Municipal defendants: Mr. Flanigan lists the San Francisco Police Department as a defendant,

2    but the complaint has no allegations against that defendant. There is no respondeat superior

3    liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or

4    omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*,

5    520 U.S. 397, 403 (1997). A claim is not stated against the San Francisco Police Department

6    merely because it employed the persons who allegedly violated Mr. Flanigan's rights.

7        A municipal defendant is not completely immune from § 1983 liability, however. Local

8    government entities, such as the San Francisco Police Department or the City and County of San

9    Francisco, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or

10   custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978).

11   To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must

12   show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that

13   the municipality had a policy; (3) that this policy amounts to deliberate indifference to the

14   plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional

15   violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)

16   (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead

17   sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the

18   defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is

19   entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not

20   sufficient to merely allege that a policy, custom or practice existed or that individual officers'

21   wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68.

22       Finally, Mr. Flanigan should include a prayer for relief in his amended complaint specifying if

23   he wants money damages, injunctive relief and/or declaratory relief. If he wants injunctive relief,

24   he needs to specify the injunctive relief he seeks. Mr. Flanigan's complaint requests that attempted

25   murder charges be filed against the defendants. (ECF No. 1 at 3.) Such relief is beyond the scope

26   of relief available from this court, because the court does not make or direct prosecutorial

27   decisions.

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **April 1, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Flanigan is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated:  February 25, 2016

_____

LAUREL BEELER
United States Magistrate Judge

6

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

WILLIE M. FLANIGAN,

                    Plaintiff,

Case No.  3:16-cv-00066-LB

8
9

            v.

**CERTIFICATE OF SERVICE**

10

SAN FRANCISCO POLICE
DEPARTMENT, et al.,

11

                    Defendants.

12

        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

13

District Court, Northern District of California.

14
15

        That on February 25, 2016, I SERVED a true and correct copy(ies) of the attached, by

16

placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

17

depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

18

receptacle located in the Clerk's office.

19
20

Willie M. Flanigan ID: #1077777
300 Bradford Street

21

Redwood City, CA 94063

22

Dated: February 25, 2016

23

Susan Y. Soong
Clerk, United States District Court

24
25

By:_____

Lashanda Scott, Deputy Clerk to the

26

Honorable LAUREL BEELER

27
28

United States District Court
Northern District of California

7