UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| WILLIE M. FLANIGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 16-cv-00066-LB<br><br>**ORDER OF SERVICE**<br>[Re: ECF No. 6 ] |

## INTRODUCTION

Willie Flannigan, an inmate at the San Mateo County Jail, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 1 at 4.)[1] The court dismissed the original complaint with leave to amend to cure several deficiencies. Mr. Flannigan then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A. This order finds that the amended complaint states cognizable claims upon which relief may be granted and orders service of process on several defendants.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

## STATEMENT

The amended complaint (ECF No. 6) alleges the following:

On October 31, 2014, Mr. Flannigan was stopped by San Francisco police officers based on a falsified hit-and-run report by San Francisco police sergeant Holder, who falsely broadcast that Mr. Flannigan had hit him with a vehicle. San Francisco police officers attacked and beat Mr. Flannigan once they caught him. Sergeant Tam pointed his gun at Mr. Flannigan, then slammed his knee down on the back of Mr. Flannigan's head and held him down. (*Id.* at 6, 8, 9.) Sergeant Ryan kicked Mr. Flannigan in the face, officer Harris hit him several times, and officer Hicklin choked him with a billy club. (*Id.* at 8, 9.)

"San Francisco Police seized $2,600 cash" from Mr. Flannigan without producing a receipt or booking the money into evidence. (*Id.* at 1.)

Officer Villaruel made a statement that contains lies about Mr. Flannigan's "attempts to resist and flee." (*Id.* at 9.) Joyce Hicks of the San Francisco Office of Citizen Complaints "had it within her power to do something about [Mr. Flannigan] being assaulted but she chose to blatantly do as little as possible because she obviously did not want to hold these police officers accountable or admit there is a problem with police misconduct in the City of San Francisco." (*Id.*) Gregory Underwood had a "blatant disrespect in the way that he interviewed [Mr. Flannigan] making it clear that he would be supporting the police before he would support [Mr. Flannigan]." (*Id.* at 10.) When Mr. Flannigan complained to the Office of Citizen Complaints and the Justice Department, "they played down the fact that [Mr. Flannigan] was racially profiled and disrespected." (*Id.* at 4.)

With regard to the municipal defendants, the amended complaint alleges: The San Francisco Police Department "thinks that they are above the law." (*Id.* at 6 (error in source).) The harm inflicted on Mr. Flannigan "shows that the City and County of San Francisco encourages cops to kill as long as they have a good story to cover their tracks." (*Id.* at 7.)

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

1   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
2   monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se*
3   complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

4   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right
5   secured by the Constitution or laws of the United States was violated, and (2) that the violation
6   was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48
7   (1988).

8   Traffic stops, investigative stops, and arrests are covered by the Fourth Amendment's
9   protection "against unreasonable searches and seizures." U.S. Const. amend IV. "An officer may
10  conduct a traffic stop if the officer has 'probable cause to believe that a traffic violation has
11  occurred.'" *United States v. Fowlkes*, 804 F.3d 954, 971 (9th Cir. 2015) (quoting *Whren v. United
12  States*, 517 U.S. 806, 810 (1996)). "To justify an investigative stop, a police officer must have
13  reasonable suspicion that a suspect is involved in criminal activity." *United States v. Colin*, 314
14  F.3d 439, 442 (9th Cir. 2002). An arrest must be supported by probable cause. An arrest is
15  supported by probable cause if, under the totality of the circumstances known to the arresting
16  officer, a prudent person would have concluded that there was a fair probability that the defendant
17  had committed a crime. *Luchtel v. Hagemann*, 623 F.3d 975, 979 (9th Cir. 2010).

18  A claim that a law enforcement officer used excessive force in the course of an arrest or other
19  seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*,
20  490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994).
21  "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth
22  Amendment requires a careful balancing of '"the nature and quality of the intrusion on the
23  individual's Fourth Amendment interests'" against the countervailing governmental interests at
24  stake." *Graham*, 490 U.S. at 396 (citations omitted).

25  Giving it the liberal construction to which it is entitled, the *pro se* amended complaint states
26  cognizable § 1983 claims against sergeant Holder, sergeant Tam, sergeant Ryan, officer Harris,
27  and officer Hicklin for Fourth Amendment violations based on an unlawful seizure and the use of
28  excessive force in the course of that seizure.

The amended complaint fails to state a claim against the other defendants. Ms. Hicks has no liability under § 1983 merely based on her failure to find in Mr. Flannigan's favor on his complaint about police misconduct, and Mr. Underwood has no liability under § 1983 merely for being a disbelieving interviewer on that complaint about police misconduct. The constitution does not provide a right to have governmental actors agree with, or be courteous to, a person filing a citizen's complaint. Mr. Flannigan's allegation that the defendants failed to recognize that there was racial profiling does not state a claim for an equal protection claim because he did not allege any facts supporting his conclusion that it was his race that prompted any defendant's acts, as the court informed him he had to do to state a claim for an equal protection violatoin. (ECF No. 4 at 3.)

The amended complaint fails to state a § 1983 claim for relief against any defendant for the alleged seizure of his money by the police. The court earlier had explained that liability could be imposed on individual defendants only if the plaintiff could show that an individual defendant proximately caused the deprivation of a federally protected right. (*Se* ECF No. 4 at 4.) Mr. Flannigan's generalized allegation that the "police" seized his money is insufficient to state a claim against any particular officer.

The amended complaint also fails to state a claim against the San Francisco Police Department and the City and County of San Francisco. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). And Mr. Flannigan has not alleged a cognizable *Monell* claim against a municipal defendant in his amended complaint. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978); *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

## CONCLUSION

1. Liberally construed, the amended complaint states a cognizable § 1983 claim against defendants Holder, Tam, Harris, Hicklin, and Ryan for violating Mr. Flannigan's Fourth Amendment rights. All other defendants and claims are dismissed. Further leave to amend is not granted as to the dismissed defendants and claims because the court explained what Mr. Flannigan

4

needed to do to allege the claims against the defendants in the order of dismissal with leave to amend and Mr. Flannigan was unable or unwilling to cure those deficiencies in his amended complaint.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and amended complaint, a copy of all the documents in the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon the following defendants, all of whom apparently work at the San Francisco Police Department:
- sergeant Holder (badge # 1873)
- sergeant Tam (badge # 138)
- officer Harris (badge # 1065)
- officer Hicklin (badge # 1151)
- sergeant Ryan (badge # 1756)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **July 22, 2016**, the defendants must file and serve a motion for summary judgment or other dispositive motion. If the defendants are of the opinion that this case cannot be resolved by summary judgment, the defendants must so inform the Court prior to the date the motion is due. If the defendants file a motion for summary judgment, the defendants must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on nonexhaustion of administrative remedies, the defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

   b. The plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon the defendant no later than **August 19, 2016**. The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. If the defendants wish to file a reply brief, the reply brief must be filed and served no later than **September 2, 2016.**

4. The plaintiff is provided the following notices and warnings about the procedures for

5

motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he or she is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5. All communications by the plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, the plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the

court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

8. The plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the court for consideration in this case.

9. The plaintiff failed to sign his amended complaint. The clerk will mail to plaintiff a copy of the amended complaint (i.e., ECF No. 6) but not the exhibits thereto. The plaintiff must sign that copy of his amended complaint and return it to the court no later than **May 15, 2016**.

**IT IS SO ORDERED.**

Dated: April 27, 2016

LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE M. FLANIGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No.  3:16-cv-00066-LB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 27, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie M. Flanigan ID: #1077777
300 Bradford Street
Redwood City, CA 94063

Dated: April 27, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Lashanda Scott, Deputy Clerk to the
Honorable LAUREL BEELER