UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE M. FLANIGAN,

    Plaintiff,

  v.

HOLDER, et al.,

    Defendants.

No. C 16-00066 WHA

**ORDER RE PLAINTIFF'S MOTIONS FOR RELIEF AND DIRECTING STATUS CHECK**

*Pro se* plaintiff Willie M. Flanigan filed a number of letters that the Court construes as motions for various forms of relief (Dkt. Nos. 197, 198, 202, 205, 206, 207, 209, 210, 213). The latest summary judgment order herein detailed our facts (Dkt. No. 191). In short, after a high-speed vehicle chase through downtown San Francisco ended in a multi-car crash, San Francisco police forcibly removed plaintiff from his car. The pre-custody force exerted by the officers to subdue him stayed within constitutional confines, but whether the alleged post-custody force transgressed constitutional limits remains a live claim post-summary judgment to be decided by a jury.

**1.    PLAINTIFF'S MOTIONS FOR RELIEF.**

Plaintiff's current motions are suitable for disposition on the papers. We address each in turn.

*First*, plaintiff moves to amend his complaint to add both new parties and new claims. The parties he seeks to add to the litigation appear to be employees of the California Department of Corrections and Rehabilitation that staff California City Correctional Facility (CAC), where plaintiff is currently incarcerated. These individuals include: Z. Rietman; Miss Fisby; George Jaime; T. Valdez; D. White; Sergeant Ramer; M. Ledesma; S. Hernandez; L. Lundy; C. Brmssard; and Danielle Hollister (Dkt. 197 at 1). Plaintiff seeks to add these individuals for various issues that have arisen during his time at CAC, including: being moved into new, unclean units and contracting COVID-19; conflicts regarding use of the law library; and, the accuracy of his release date (*see, e.g.*, Dkt. No. 198-2 at 1–12, 14, 30–32; 198-4).

Per Rule 15(a)(2), a district court should freely give leave to amend when justice so requires. Claims against multiple defendants may be joined in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." FRCP 20(a)(2). Here, the newly asserted claims do not arise from the same transaction or occurrence as plaintiff's Section 1983 claim against Officers Harris and Hicklin and Sergeant Tam for excessive post-custody use of force. "A buckshot complaint that would be rejected if filed by a free person — say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions — should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In addition, plaintiff moves to add a claim against defendants under the proposed George Floyd Justice in Policing Act, now H.R. 1280 (Dkt. No. 202). The act has not passed in the Senate, nor has it been signed into law. Plaintiff's motion to amend to add new claims and new defendants is **DENIED**.

*Second*, plaintiff moves for reconsideration of the most recent summary judgment order (*see, e.g.*, Dkt. No. 198). Procedurally, Civil Local Rule 7-9(a) requires a party requesting reconsideration of a past order to first seek leave of court, and Civil Local Rule 7-9(c) prohibits the repetition of arguments originally made in the challenged order. Substantively, "A motion

for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marylyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Our local rules explain that a clear error involves a "manifest failure by the Court to consider material facts or dispositive legal arguments . . . ." Civ. L.R. 7-9(b)(3).

The summary judgment order held that, in light of contemporaneous CAD records, Sergeants Ryan and Holder were not present during the alleged use of excessive force. Plaintiff asserts here that two items of evidence support the theory that Ryan and Holder *were* present and hence potentially liable: (i) a statement from Sergeant Tam that, "Additional Officers responded to the scene and Suspect was subsequently handcuffed"; and (ii) the lack of an incident report from Recruit Officer Bjorkquist, who accompanied Officer Rogers to the crash scene (Dkt. Nos. 198, 207 at 19). Plaintiff has provided no newly discovered evidence, nor has he demonstrated that the summary judgment order committed clear error. As the summary judgment order reasoned, "even taking every inference in favor of Mr. Flanigan's testimony, the contemporaneous CAD records (which are not susceptible to error and credibility issues which can plague human testimony) establish conclusively that Holder and Ryan *were not present* during the alleged use of force" (Dkt. No. 191 at 11–12). Neither Sergeant Tam's (ambiguous) statement nor a statement from Recruit Officer Bjorkquist could sufficiently rebut the CAD records of the event. The motion for reconsideration is **DENIED**.

*Third*, plaintiff moves for reappointment of counsel (*e.g.*, Dkt. Nos. 202 at 1; 206; 207). This order quotes the summary judgment order regarding plaintiff's counsel:

> He has already received pro bono counsel who saw him through discovery. Following Mr. Flanigan's request, the Court duly inquired about reappointment of counsel, but the Federal Pro Bono Project recalled his case and declined to reassign counsel. Mr. Flanigan has burned through three free attorneys already. The Court will not make further efforts to secure counsel for Mr. Flanigan because it seems clear he was unwilling or unable to work with the free counsel he was already provided

3

1    (Dkt. No. 191 at 20). The same analysis still applies. Plaintiff's request for appointment of

2    new counsel is **DENIED**.

3    *Fourth*, plaintiff moves to reopen discovery (*e.g.*, Dkt. No. 206 at 1). Where the Court

4    has imposed a deadline, Rule 16(b)(4) permits modification "only for good cause." "The

5    central inquiry under [Rule] 16(b)(4) is whether the requesting party was diligent in seeking

6    the amendment." *DRK Photo v. McGraw-Hill Glob. Ed. Holds.*, 870 F.3d 978, 989 (9th Cir.

7    2017). Counsel represented plaintiff past the deadline for the close of discovery in this matter

8    (September 13, 2019). Much of plaintiff's recent correspondence to the Court addresses issues

9    beyond the scope of this litigation, such as other incidents involving him and the San Francisco

10   Police Department, and issues with staff at CAC where he is currently incarcerated. As stated

11   in the summary judgment order, "it remains unclear what information *relevant to this case* Mr.

12   Flanigan seeks or why he could not by diligence obtain it during his year of represented

13   discovery" (Dkt. No. 191 at 19–20). This request is **DENIED**.

14   *Fifth*, plaintiff moves for judicial notice of various grievances with CAC and its staff as

15   well as the document production log in this case from the City and County of San Francisco

16   (Dkt. No. 198-1–5). A district court may take judicial notice of a fact that is not subject to

17   reasonable dispute because it is: (i) generally known and within the court's territorial

18   jurisdiction; or (ii) can be accurately and readily determined from sources whose accuracy

19   cannot reasonably be questioned. FRE 201(b). While the Court has reviewed the information

20   supplied in plaintiff's letters, at this point this order need not take judicial notice of this

21   material to render its decisions on the motions he has proffered. Accordingly, the request is

22   **DENIED AS MOOT**.

23   In sum, all motions are **DENIED**. Plaintiff's Section 1983 claim will proceed against

24   Officer Harris, Sergeant Tam, and Officer Hicklin as specified in the summary judgment order.

25   **2.    PROCEDURAL MATTERS GOING FORWARD.**

26   At our currently noticed telephonic hearing on **NOVEMBER 4, 2021 AT 11:00 A.M.**, we

27   will look into scheduling our long-awaited trial in this case. While the San Francisco

28   courthouse is still observing COVID-19 protocols, the Court has presided over some civil jury

trials during this period and believes this matter can move forward if the correct procedures are put in place.  This order stresses now that all participants will be required to be vaccinated to proceed.

In preparation for the hearing, defendants shall please contact the warden at plaintiff's current place of incarceration to check on his status.  The Court wishes to know:

1. Is plaintiff currently healthy?
2. Has plaintiff been fully vaccinated for COVID-19?
3. Does plaintiff currently have library access?
4. Does plaintiff have access to a telephone in order to participate in the telephonic hearing on November 4 at 11:00 a.m., for which he should arrive ten minutes early?
5. Does plaintiff have sufficient accommodations to prepare for his trial?  The Court notes plaintiff's complaint regarding his glasses raised in his correspondence (Dkt. No. 198-1 at 2).

Both sides shall please respond by **NOVEMBER 2 AT NOON**.

**IT IS SO ORDERED.**

Dated:  October 26, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE