DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
SABRINA M. BERDUX, State Bar #248927
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3929
Facsimile:     (415) 554-3837
E-Mail:        sabrina.m.berdux@sfcityatty.org

Attorneys for Defendants
SERGEANT CONROY TAM (# 138),
OFFICER JARED HARRIS (# 1065), and
OFFICER BRIAN HICKLIN (# 1151)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIE M. FLANIGAN, | Case No. 3:16-cv-00066 WHA (PR) |
|---|---|
| Plaintiff, | **DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE PLAINTIFF'S NARRATIVE TESTIMONY** |
| vs. | |
| SAN FRANCISCO POLICE DEPARTMENT, et al., | |
| Defendants. | Trial Date:     June 5, 2023 |

**INTRODUCTION**

Defendants seek the Court's intervention and guidance to control irrelevant and inflammatory narrative testimony that is reasonably expected from Plaintiff.

Since Plaintiff is in pro per, it is anticipated that he will seek to testify on his own behalf in narrative form. This format would not allow Defendants to make objections before information is relayed to the jury. Defendants' experience during litigation in this matter has revealed that Plaintiff often brings up issues unrelated to the present matter, including conspiracy theories that are not based on fact. Defendants are concerned that if Plaintiff is permitted to testify in narrative form he will make claims outside of his personal knowledge, make statements that have nothing to do with this case, and raise issues that would be extremely prejudicial to the Defendants with no probative value. In addition, Defendants are concerned that Plaintiff will testify to hearsay statements from witnesses who may not testify.

**ARGUMENT**

The Federal Rules of Evidence limit the admission of facts and documents "so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Fed. R. Evid. 102.

Only relevant evidence is admissible. Fed. R. Evid. 402. However, even relevant evidence should be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly present cumulative evidence." Fed. R. Evid. 403. Character evidence is also "not admissible to prove that on a particular occasion the person acted in accordance with the character or trait" and evidence of a "wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(a)(1), 404(b)(1).

A testifying witness must have personal knowledge about the matters in which they are testifying. Fed. R. Evid. 602.

Hearsay is generally inadmissible, unless an exception exists. Fed. R. Evid. 801, 802.

If Plaintiff testifies in narrative form, Defendants will not be able to object. Further, Defendants will be unable to "un-ring the bell" should Plaintiff testify to those same prejudicial and irrelevant facts. Defendants would then have to call numerous witnesses that have little or nothing to do with issues relevant to this case in order to rebut Plaintiff's unfounded and/or overly prejudicial statements. Courts consistently bar the use of Rule 404(b) evidence where its admission would require such a mini-trial. *See, e.g.*, *Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989); *Carter v. District of Columbia*, 795 F.2d 116, 129-32 (D.C. Cir. 1986); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996).

## CONCLUSION

Defendants request that the Court order Plaintiff to refrain from testifying in an uncontrolled narrative form in order to avoid the admission of irrelevant, prejudicial and unreliable information. Defendants are open to the Court's guidance in providing an appropriate means for Plaintiff to testify that allows for proper objections to be made ensures exclusion of inadmissible evidence.

Dated:  February 23, 2023

        DAVID CHIU
        City Attorney
        MEREDITH B. OSBORN
        Chief Trial Deputy
        SABRINA M. BERDUX
        Deputy City Attorneys

        */S/ Sabrina M. Berdux*
By:        
        SABRINA M. BERDUX

        Attorneys for Defendants
        SERGEANT CONROY TAM (# 138),
        OFFICER JARED HARRIS (# 1065), and
        OFFICER BRIAN HICKLIN (# 1151)