UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE M. FLANIGAN,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER JARED HARRIS, OFFICER BRIAN HICKLIN, and SERGEANT CONROY TAM,<br><br>    Defendants. | No. C 16-00066 WHA<br><br>**OMNIBUS ORDER RE REMAINING SEALING MOTIONS** |

This omnibus order addresses all remaining administrative motions to seal (Dkt. Nos. 268, 295, 297, 335, 346, 349).

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not) and why. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard applies to most judicial records. Evidentiary motions, such as motions *in limine* and *Daubert* motions, can be strongly correlative to the merits of a case. *Id.* at 1098–1100.

In addition, sealing motions filed in this district must contain a specific statement that explains: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. The material requested to be sealed must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

1. **DKT. NO. 268: INITIAL MOTIONS *IN LIMINE*.**

Before plaintiff was appointed pro bono counsel, proceedings were stayed, and trial was reset for October 2023 (Dkt. Nos. 280, 283), defendants filed a first set of motions *in limine* with a motion to seal seven exhibits in support of their first and second motions (Dkt. No. 268). Because this set of motions *in limine* was never taken up by the Court and was superseded by a subsequent set of motions *in limine* filed in advance of our October 2023 trial, the public interest in this material is de minimis. The motion to seal is **GRANTED**.

2

2. **DKT. NOS. 295 & 297: MOTIONS TO REOPEN DISCOVERY AND FOR LEAVE TO FILE MOTION FOR RECONSIDERATION.**

In September 2023, plaintiff submitted motions to reopen discovery and for leave to file a motion for reconsideration (Dkt. Nos. 294, 296), along with associated motions to seal (Dkt. Nos. 295, 297). Specifically, plaintiff moved to seal (1) a transcript of an audio recording that defendants had designated as confidential (Dkt. Nos. 295-2, 297-3), and (2) highlighted portions of his motion for leave to file a motion for reconsideration that referred to the contents of that transcript (Dkt. No. 297-2). Because the contents of that transcript went to the heart of this motion practice, there is a strong public interest in disclosure. What's more, no one made any showing of harm that disclosure of this material could cause (including defendants, who had originally designated the transcript as confidential). Accordingly, these motions to seal are **DENIED**.

3. **DKT. NOS. 335, 346, & 349: FINAL MOTIONS *IN LIMINE*.**

Before trial, defendants filed a motion to seal material submitted with their first motion *in limine* (Dkt. No. 335), and plaintiff filed motions to seal material submitted with his third and fifth motions *in limine* (Dkt. Nos. 346, 349). With respect to those motions and associated exhibits, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 335-3 | San Francisco Police Department Chronical of Investigation, 2017 | **GRANTED.** | Defendants filed this material that plaintiff had marked as confidential conditionally under seal. As plaintiff observes, this detailed report from an investigation that occurred years after the events at issue — submitted to show plaintiff's prior conduct and convictions — was not even on either party's exhibit list (Dkt. No. 350). Accordingly, the public interest in this material is de minimis. Moreover, the report contains private information regarding witnesses, disclosure of which could cause harm. |

3

| 346-3 | Probation Order, 2014 | **GRANTED AS AMENDED.** | Plaintiff filed this material conditionally under seal with defendants' redactions, but defendants now only seek to redact plaintiff's CII number pursuant to Federal Rule of Civil Procedure 5-2 (Dkt. No. 352).  This request is narrowly tailored to avoid harm to plaintiff and balances the public interest in court records. |
|---|---|---|---|
| 346-4 | San Francisco Police Department Computer Aided Dispatch | **GRANTED AS AMENDED.** | Plaintiff filed this material conditionally under seal with defendants' redactions, but defendants now only seek to redact the phone number of a non-party (Dkt. No. 352).  This request is narrowly tailored to avoid harm to the non-party and balances the public interest in court records. |
| 346-5 | Toxicology Report | **DENIED.** | Plaintiff filed this material conditionally under seal, but defendants do not seek to keep it confidential (Dkt. No. 352).  With no justification, the motion as to this material is denied. |
| 346-6 | Traffic Collision Report No. 140922986, Supplemental Report | **DENIED.** | *See entry for Dkt. No. 346-5.* |
| 346-7 | Traffic Collision Report No. 140922986, DMV Statement | **DENIED.** | *See entry for Dkt. No. 346-5.* |
| 346-8 | Traffic Collision Report No. 140922986, DUI Forms | **DENIED.** | *See entry for Dkt. No. 346-5.* |
| 349-3 | Plaintiff's Fifth Motion *in Limine* | **DENIED.** | The redacted portions of this brief relate to the transcript that this order has already declined to seal (*see* Dkt. Nos. 295, 297).  Defendants do not seek to keep this material confidential (Dkt. No. 351).  With no justification, the motion as to this material is denied. |

| 349-4 | Lampkin Transcript | **DENIED.** | This is the same transcript that this order has already declined to seal (*see* Dkt. Nos. 295, 297).  In this instance, however, defendants have provided a statement objecting to disclosure because the transcript contains information protected by the officer's right to privacy and because there is no confirmation that the third-party in the transcript consented to his statements being made public (Dkt. No. 351).  But that third-party, William Lampkin, ended up testifying on the relevant details at trial, and defendants have not identified any specific information in this transcript that could cause an officer harm and overcome the public interest in this material, as set out above. |

All documents that must be refiled shall be refiled in full compliance with this order no later than **APRIL 2, 2024, at 12:00 P.M.**  Although appointed pro bono counsel for plaintiff have formally withdrawn for the purposes of dissociating themselves from plaintiff's appeal, the Court kindly requests that they take care of these filings for plaintiff.

**IT IS SO ORDERED.**

Dated:  February 13, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5